Todd M. Friedman (SBN 216752)
LAW OFFICES OF TODD M.
FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
*Attorneys for Plaintiff Hastings
and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HASTINGS, on behalf of himself and all others similarly situated, ) ) ) | Case No. 3:17-cv-03633-EDL |
| Plaintiff, ) ) ) | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| vs. ) ) ) | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) ) ) ) ) ) ) | |

Plaintiff JOHN HASTINGS ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief and based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action for damages and other available legal or equitable remedies resulting from the illegal actions of WELLS FARGO BANK, NATIONAL ASSOCIATION ("Defendant" or "Wells Fargo"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2.      The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them.  To this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

TCPA, Pub. L. No. 102–243, § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-5886, 2012 WL 3292838, at * 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the

Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13; *see also Mims*, 565 U.S. at 371.

5.     As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION & VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

7.     Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant does business within the state of California and has offices in this District.

## PARTIES

8.     Plaintiff, JOHN HASTINGS ("Plaintiff"), is a natural person and is a "person" as defined by 47 U.S.C. § 153(39).

9.     Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, is a nationwide financial institution engaged in banking, lending, and collection, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.     From around September of 2016 through February of 2017, Defendant contacted Plaintiff on his cellular telephone, number ending in 1525, in

an attempt to collect an alleged outstanding debt owed by "Maria Rodriguez".

11.   Defendant placed multiple calls to Plaintiff's cellular telephone from telephone numbers confirmed to belong to Defendant, including (800) 642-4720 and (877) 453-2904.

12.   Defendant left numerous voice messages in which Defendant claimed to be attempting to collect a debt from "Maria Rodriguez".

13.   When calling Plaintiff, Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1).

14.   When calling Plaintiff, Defendant utilized an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

15.   Defendant's calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16.   Defendant's calls were placed to telephone number assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1).

17.   On several occasions, Plaintiff answered Defendant's telephone call and informed an agent for Defendant that: 1) "Maria Rodriguez" could not be reached on Plaintiff's telephone; 2) that Defendant had an incorrect telephone number; and 3) that Defendant must cease placing such calls to Plaintiff.

18.   Plaintiff also made several telephone calls to Defendant directly and informed Defendant that: 1) "Maria Rodriguez" could not be reached on Plaintiff's telephone; 2) that Defendant had an incorrect telephone number; and 3) that Defendant must cease placing such calls to Plaintiff.

19.   Despite receiving this information on numerous occasions, Defendant continued to place frequent calls to Plaintiff, on his cellular telephone, using an "automated telephone dialing system" and/or an "artificial or prerecorded voice."

20.   Plaintiff is not a customer of Defendant.  Furthermore, Plaintiff does not know nor has ever known "Maria Rodriguez." Accordingly, Defendant never

1374193.5

received Plaintiff's "prior express consent," as defined by 47 U.S.C. § 227(b)(1)(A), to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone .

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed Class defined as follows:

> All persons within the United States who, between September 18, 2014 and the present, (1) received a non-emergency call to their cellular telephone numbers; (2) through the use of an automatic telephone-dialing system or an artificial or prerecorded voice; (3) from Defendant; (4) regarding the collection of alleged debts in connection with Wells Fargo credit card accounts; and (5) who were not Wells Fargo credit card account holders at the time of the calls.

The Class definition is subject to amendment as needed.

22. Excluded from the Class are Defendant, its employees, agents and assigns, and any member of the judiciary to whom this case is assigned, their respective court staff, and Plaintiff's counsel. Also excluded from this action are any claims for personal injury, wrongful death and/or emotional distress.

23. Members of the above-defined Class can be easily identified through Defendant's records.

24. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the

privacy of said Plaintiff and Class members.

## Numerosity

25.   At the time of filing, Plaintiff does not know the exact number of putative Class Members.   However, the volume of credit cards issued by Defendant and the number of consumers identified as putative class members in the settled case of *Franklin v. Wells Fargo, Bank, N.A.*, Case No. 14-cv-2349-MMA-BGS (S.D. Cal.) affirms that Class Members likely number in the hundreds of thousands, if not millions, and are geographically disbursed throughout the country.

26.   The alleged size and geographic disbursement of the putative Class, and relatively modest value of each individual claim, makes joinder of all Class Members impracticable or impossible.

## Commonality and Predominance

27.   This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.   The common legal and factual questions include at least the following:

a.   whether between September 18, 2014 and the present, Defendant used an automatic telephone-dialing system to place calls to the cellular telephones of Plaintiff and putative Class Members;

b.   whether between September 18, 2014 and the present, Defendant used an artificial or prerecorded voice in connection with its placement of autodialed calls to the cellular telephones of Plaintiff and putative Class Members;

c.   whether Defendant is subject to the TCPA;

d.   whether Defendant's conduct was negligent;

e.   whether Defendant's conduct was knowing and/or willful;

f.   whether Defendant is liable for damages, and the amount of such damages;

g.      whether Plaintiff and putative Class Members are entitled to declaratory relief; and

h.      whether Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

28.    Plaintiff's claims are typical of the claims of the putative Class Members, as Plaintiff and Class Members have been injured by Defendant's uniform misconduct – the placement of calls to cellular telephones for non-emergency purposes and without prior express consent.

29.    Plaintiff shares the aforementioned facts and legal claims and/or questions with all putative Class Members.  Further, a sufficient relationship exists between Defendant's conduct and the damages sustained by Plaintiff and putative Class Members.

### Adequacy

30.    Plaintiff will fairly and adequately protect the interests of putative Class Members and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in complex consumer class action litigation and matters specifically involving TCPA violations.  Plaintiff intends to prosecute this action vigorously, and has no interest adverse or antagonistic to those of the Class.

### Superiority

31.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members' claims is impracticable or impossible for at least the following reasons:

a.      Given the size of individual Class Members' claims, few (if any) putative Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed and continues to commit against them, and absent Class Members have no substantial interest in

individually controlling the prosecution of individual actions;

b.   Individual litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts, while also increasing the delay and expense to all parties and the courts.  Comparatively, the class action device provides economies of scale and allows Class Members' claims to be comprehensively administered and uniformly adjudicated in a single proceeding;

c.   When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and determined uniformly by the Court;

d.   No difficulty impedes the action's management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the damages caused to them by Defendant's uniform misconduct;

## Injunctive and Equitable Relief

32.   Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class by placing calls to their cellular telephones for non-emergency purposes and without their prior express consent, rendering just and appropriate final injunctive relief for the Class; and

33.   Because Plaintiff seeks injunctive relief and equitable relief for the entire Class, the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, and establishing incompatible standards of conduct for Defendant.  Additionally, bringing individual claims would burden the courts and result in an inefficient method of resolving this action.  As a practical matter, adjudications with respect to individual Class Members would be dispositive of the interests of other Class Members who are not parties to the adjudication and may impair or impede their ability to protect their respective interests.

1374193.5

Consequently, class treatment is a superior method for adjudication of the issues in this case.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

34.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35.   The foregoing acts and omissions of Defendant constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

36.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37.   Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

38.   Plaintiff and Class Members are also entitled to and seek an award of costs and expenses.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

39.   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

40.   The foregoing acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

41.   As a result of Defendant's knowing and/or willful violations of 47

U.S.C. § 227 et seq., Plaintiff  and the Class Members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.    Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

43.    Plaintiff and Class Members are also entitled to and seek an award of costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all putative Class Members the following relief against Defendant:

A.    $500.00 in statutory damages for each and every violation of 47 U.S.C. § 227(b)(1) of the TCPA;

B.    $1,500.00 in statutory damages for each and every willful and/or knowing violation of 47 U.S.C. § 227(b)(1) of the TCPA;

C.    An award of actual damages resulting from Defendant's violations of the TCPA;

D.    Injunctive relief or such equitable relief as necessary to stop future violations of the TCPA;

E.    An award of costs and expenses;

F.    An order certifying this matter as a class action pursuant to Federal Rule of Civil Procedure 23, certifying the Class defined herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel; and

G.    Any additional relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

44.    Plaintiff demands a trial by jury on all counts so triable.

1374193.5

1   Dated:  October 11, 2017            Respectfully submitted,

2

3                                        By:   /s/ Todd M. Friedman

                                  Todd M. Friedman (SBN 216752)

4                                   Adrian R. Bacon (SBN 280332)

5                                   Meghan E. George (SBN 274525)

6                                   Thomas E. Wheeler (SBN 308789)

                                  LAW OFFICES OF TODD M.

7                                   FRIEDMAN, P.C.

8                                   21550 Oxnard St., Suite 780

9                                   Woodland Hills, CA 91367

                                  Phone: 877-206-4741

10                                   Fax: 866-633-0228

11                                   tfriedman@toddflaw.com

                                  abacon@toddflaw.com

12                                   mgeorge@toddflaw.com

13                                   twheeler@toddflaw.com

14                                   Jonathan D. Selbin (SBN 170222)

15                                   LIEFF CABRASER HEIMANN &

                                  BERNSTEIN, LLP

16                                   250 Hudson Street, 8th Floor

17                                   New York, NY 10013

                                  Phone: 212-355-9000

18                                   Fax: 212-355-9592

19                                   jselbin@lchb.com

20                                   Daniel M. Hutchinson (SBN

21                                   239458)

                                  LIEFF CABRASER HEIMANN &

22                                   BERNSTEIN, LLP

23                                   275 Battery Street, 29th Floor

24                                   San Francisco, CA 94111

                                  Phone: 415-956-1000

25                                   Fax: 415-956-1008

26                                   dhutchinson@lchb.com

27                                   Andrew R. Kaufman (*pro hac vice*)

28                                   LIEFF CABRASER HEIMANN &

                                  BERNSTEIN, LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

150 Fourth Avenue North, Ste. 1650
Nashville, TN 37219
Phone: 615-313-9000
Fax: 615-313-9965
akaufman@lchb.com

*Attorneys for Plaintiff Hastings and
the Proposed Class*